

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 828 | **DATE** | 2/11/2003 |
| **CASE TITLE** | Linda J. Evans vs. Carrie M. Austin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Plaintiff's application to proceed in forma pauperis is denied and her complaint is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 12 2003 | |
| ✓ | Docketing to mail notices. | | | 6 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA J. EVANS, )
)
        Plaintiff, )
)
vs. ) No. 03 C 828
)
CARRIE M. AUSTIN, )
)
        Defendant. )

DOCKETED
FEB 1 2 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda J. Evans brings this complaint against defendant Carrie M. Austin, Alderman of Chicago's 34th Ward. Along with her complaint plaintiff filed an application to proceed *in forma pauperis* and an application for the appointment of counsel. For the following reasons, plaintiff's application is denied and her complaint is dismissed.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. Plaintiff's affidavit indicates that she currently makes less that $600 per month and has no money in any savings accounts. We find that she has established her inability to pay the court costs.

This is not the end of our inquiry. We must conduct an initial review of plaintiff's claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim using the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 266

F.3d 568, 571 (7th Cir. 2000).

Plaintiff characterizes this as a class action lawsuit. We read plaintiff's claim to be that defendant abused her position as alderman to prevent plaintiff from successfully challenging her in the election for alderman and that defendant has failed to adequately perform her duties as alderman. As a result, plaintiff seeks the "impeachment" of defendant and money damages on behalf of herself and other citizens of the ward.

Federal court is not the appropriate forum for plaintiff's complaint. To the extent that plaintiff's complaint is that she was prevented a fair opportunity to run a campaign against defendant, she should challenge the election procedures with the City of Chicago. To the extent that her claims are based on alleged poor performance by the alderman, plaintiff should initiate steps to remove the alderman as allowed by the city. Any other potential claims against defendant are nothing more than state law tort claims. Plaintiff does not allege any violation of her constitutional rights that would give rise to federal civil rights action. Nor does she otherwise state a claim for which a federal court can grant relief.

For the foregoing reasons, plaintiffs application to proceed *in forma pauperis* is denied and her complaint is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 11, 2003.